UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| TONYA JAMES, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br><br>-v.-<br>THE LAW OFFICES OF POLLACK & ROSEN, PA.,<br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br>and JOHN DOES 1-25,<br><br>Defendant(s). | C.A. No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tonya James (hereinafter, "Plaintiff" or "James"), a Florida resident, brings this Class Action Complaint by and through her attorneys, Zeig Law Firm, LLC, against Defendant The Law Office of Pollack & Rosen, P.A. (hereinafter "Defendant Pollack & Rosen") and Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant Portfolio") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.  Congress enacted the Fair Debt Collection Practices Act (hereinafter, "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was

concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer protection laws ·were inadequate. Id § l692(b). Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

5. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) as this is where Defendant Pollack & Rosen resides and primarily transacts business.

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of Florida consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

7. Plaintiff is seeking damages and declaratory relief.

## PARTIES

8. Plaintiff is a resident of the State of Florida, County of Miami-Dade, residing at 700 NW 214th Street, Apt. 104, Miami, FL 33169.

9. Pollack & Rosen is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 806 S. Douglas Rd, Suite 200, South Tower, Coral Gables, FL 33134.

10. Portfolio is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 120 Corporate Blvd, Suite 100, Norfolk, VA 23502.

11. Upon information and belief, Defendant Pollack & Rosen is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. Upon information and belief, Defendant Portfolio is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

13. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

14. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15. The Class consists of:

    a. all individuals with addresses in the State of Florida;

    b. to whom Defendant Pollack & Rosen sent an initial collection letter attempting to collect a consumer debt;

    c. on behalf of Defendant Portfolio;

    d. that failed to include the proper disclosures required by §1692g;

    e. specifically requiring a dispute to be made in writing;

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

16. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

17. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e and 1692g.

19. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff

nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is \whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e and §1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

24. Some time prior to February 15, 2018, an obligation was allegedly incurred to Synchrony Bank (hereinafter "Synchrony").

25. The Synchrony obligation arose out of transactions involving money, property, insurance or services. Specifically, Plaintiff used the alleged Synchrony debt funds primarily for personal, family or household purposes.

26. The alleged Synchrony obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

27. Synchrony is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

28. Defendant Portfolio, a debt collector and the subsequent owner of the Synchrony debt, contracted with the Defendant Pollack & Rosen to collect the alleged debt.

29. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – February 15, 2018 Collection Letter*

30. On or about February 15, 2018, Defendant Pollack & Rosen sent Plaintiff an initial contact notice (the "Letter") regarding the alleged debt owed to Defendant Portfolio. See Letter at Exhibit A.

31. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) **a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector**;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

These disclosures are more commonly known as the "G-Notice".

32. The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

33. The "G-Notice" in the Letter does not meet the required guidelines of the FDCPA as it improperly states the consumer's rights.

34. Specifically, the second line of Defendants' "G-Notice" states "If you believe that this debt, or any portion thereof, is not valid you have thirty days from receipt of this letter to dispute the validity of this debt **in writing**."

35. This statement is false and misleading as the consumer may dispute the validity of a debt by any means possible – this dispute need not be in writing.

36. The writing requirement only applies to further rights of the consumer such as obtaining a copy of a judgment or additional information regarding the original creditor.

37. This false language overshadows the "g-notice" language as it improperly conveys the consumer's rights and serves to confuse her about her right to validly dispute the debt – specifically falsely stating that it need be in writing.

38. The statement makes it more difficult for a consumer to make their dispute known.

39. Plaintiff incurred an informational injury as Defendants falsely stated that requirement of the "G-Notice" by telling her she could only dispute the debt in writing.

40. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

43. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. Defendants violated §1692e :

   a. By making a false and misleading representation in violation of §1692e(10).

45. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

48. Pursuant to 15 USC §1692g, a debt collector:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1. The amount of the debt;
2. The name of the creditor to whom the debt is owed;
3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

49. The Defendants violated 15 U.S.C. §1692g, stating that a consumer dispute must be in writing when the dispute can be made by any method, which overshadows the "g-notice" language and coerces the consumer not to exert her rights under the FDCPA.

50. Additionally the Defendants violated 15 U.S.C. §1692g as they specifically misstated the method by which a consumer must dispute a debt.

51. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

52. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tonya James, individually and on behalf of all others similarly situated, demands judgment from Defendant Pollack & Rosen P.A. and Defendant Portfolio Recovery Associates, LLC, as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Justin Zeig, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6.	Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 18, 2018								Respectfully Submitted,

**ZEIG LAW FIRM, LLC**

/s/ Justin Zeig
Justin Zeig, Esq.
3475 Sheridan Street, Ste 310
Hollywood, FL 33021
Ph:  754-217-3084
Fax: 954-272-7807
justin@zeiglawfirm.com
*Counsel for Plaintiff Tonya James*